United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JUAN ALBERTO ZIRANDO TINOCO,

    Petitioner,

  v.

JEH JOHNSON, Secretary, Department
of Homeland Security, et al.,

    Respondents.

No. C 15-02801 WHA

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING REQUEST FOR STAY OF REMOVAL PROCEEDINGS**

## INTRODUCTION

In this habeas action, petitioner requests a stay of his removal proceedings and an order compelling respondents to adjudicate his Deferred Action for Childhood Arrivals application. For the reasons stated below, the petition and request for a stay are **DENIED**.

## STATEMENT

Petitioner Juan Alberto Zirando Tinoco is a twenty-eight-year-old Mexican national who has resided in the United States since his parents brought him here as baby, though he has never acquired legal status. He grew up in Butte County, California, and graduated from high school in 2005. In 2007, Tinoco pled no contest to a charge of disturbing the peace under California Penal Code Section 415, with a gang enhancement under California Penal Code Section 186.22(d), as he allegedly associated with the Norteño gang. Based on those criminal proceedings, the United

United States District Court
For the Northern District of California

States Department of Homeland Security deemed Tinoco a removeable alien present in the United States without legal status (Gov't Exh. 1 at 5–7).

In 2012, Immigration Judge Amy Hoogasian denied Tinoco's application for a cancellation of removal proceedings. Tinoco administratively appealed, lost, and then sought review by our court of appeals, which dismissed his appeal in February of this year. The mandate issued in April. Immigration and Customs Enforcement then took Tinoco into immigration custody. Two days later, Tinoco applied for relief under the Deferred Action for Childhood Arrivals program, which allows the Department of Homeland Security, in its discretion, to exempt certain undocumented immigrants from deportation. Tinoco's DACA application was promptly denied for failure to pay the filing fee (Petitioner Exh. LL; Gov't Exhs. 5–6).

One day after his DACA application had been denied, on June 20, 2015, Tinoco filed the instant habeas petition along with a motion for a TRO requesting a stay of removal proceedings until a renewed DACA application could considered. After a brief hearing on the motion for a TRO, the parties stipulated to a briefing schedule and agreed to stay the removal proceedings until the matter had been adjudicated by the undersigned judge.

Tinoco submitted a renewed DACA application on June 25. After all of the briefing had been submitted in this matter, respondents filed a notice that the Department of Homeland Security denied Tinoco's DACA application on July 9. This order follows full briefing and oral argument.

**ANALYSIS**

In 2012, former Secretary of Homeland Security Janet Napolitano announced the DACA program, under which the Department of Homeland Security would exercise its prosecutorial discretion to focus enforcement efforts away from low priority cases. The announcement listed several criteria for DACA eligibility, including the age at which the candidate entered the United States, his education level, and his criminal history.

Federal courts, however, lack subject-matter jurisdiction to determine DACA eligibility, as stated in 8 U.S.C. 1252(g): "No court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence

proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." Our court of appeals has confirmed that federal courts lack subject-matter jurisdiction, stating: "We lack jurisdiction to consider whether [petitioner] is eligible for consideration for Deferred Action for Childhood Arrivals." *Fabian-Lopez v. Holder*, 540 Fed. App'x 760, 761 n. 2 (9th Cir. 2013).

The thrust of Tinoco's petition is that based on our court of appeals' recent decision in *Hernandez-Gonzalez v. Holder*, 778 F.3d 793 (9th Cir. 2015), his renewed DACA application could be granted. *Hernandez-Gonzalez* held that a conviction with a gang enhancement under California law does not categorically make that conviction one of moral turpitude for immigration purposes. Thus, Tinoco requested that his current removal proceedings be stayed and that the Department of Homeland Security be ordered to adjudicate his DACA application. After all of the briefing in this matter had been filed, however, the Department of Homeland Security denied Tinoco's renewed DACA application (Dkt. No. 16). The relief Tinoco requested has therefore already occurred, as his DACA application has been adjudicated, rendering his petition and request for a stay moot.

Tinoco's petition also makes vague reference to challenging the removal proceedings themselves. At oral argument, Tinoco's counsel reiterated this point and relied on our court of appeals' decision in *Singh v. Gonzalez*, 499 F.3d 969 (9th Cir. 2007). Under federal law, however, district courts lack subject-matter jurisdiction over final orders of removal. Specifically, 8 U.S.C. 1252(a)(5) states:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter.

Our court of appeals has confirmed that district courts do not have jurisdiction to review final orders of removal. *See Alvarez-Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005); *Arce v. Holder*, No. C 12–04063 WHA, 2012 WL 3276994, at *2 (N.D. Cal. Aug. 9, 2012). Moreover, as the undersigned judge found in *Arce*, our court of appeals' holding in *Singh* does not apply to

3

the present case. *Singh* related to petitions asserting ineffective assistance of counsel claims — no such claim was made here. Also at oral argument, but not in his briefing, Tinoco's counsel contended that the Supreme Court's decision in *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471 (1999) established subject-matter jurisdiction over removal proceedings. Not so. That decision explicitly held that "8 U.S.C. 1252(g) deprives the federal courts of jurisdiction over respondents' claims." *Id*. at 492. Therefore, if reversal of the final order of removal is the relief Tinoco seeks, it cannot be granted by the undersigned judge.

## CONCLUSION

For the reasons stated herein, the petition for a writ of habeas corpus and request for a stay are **DENIED**. The next step is an appeal to the court of appeals.

**IT IS SO ORDERED.**

Dated: July 17, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE